```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
REGGIE GIBBS,

                Plaintiff,
                                          TRANSFER ORDER
       -against-                          17-CV-1468(JS)(ARL)

ROCKLAND COUNTY CORRECTIONAL CENTER,

                Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:      Reggie Gibbs, pro se
                    08216072P
                    Vernon C. Bain Center
                    1 Halleck Street
                    Bronx, NY 10474

For Defendant:      No appearance.
```

SEYBERT, District Judge:

On March 9, 2017, incarcerated pro se plaintiff Reggie Gibbs ("Plaintiff") filed a Complaint in this Court against the Rockland County Correctional Center ("Defendant") seeking to challenge the conditions of his incarceration pursuant to 42 U.S.C. § 1983. Although Plaintiff has not paid the Court's filing fee nor has he filed an application to proceed in forma pauperis, the Court has reviewed Plaintiff's submission and, for the reasons set forth below, TRANSFERS this action to the United States District Court for the Southern District of New York.

The claims alleged in the Complaint arise from an incident alleged to have occurred at the Rockland County Correctional Facility located in New City, New York. New City is located within Rockland County, which is in the Southern District

of New York.  See 28 U.S.C. § 112(b).  Under 28 U.S.C. § 1391, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  28 U.S.C. § 1391(b)(2).

Here, the events giving rise to Plaintiff's claims are all alleged to have occurred at the Rockland County Correctional Center, which is within the Southern District of New York.  See 28 U.S.C. § 112(b).  Thus, since all of the events and omissions giving rise to Plaintiff's claims occurred in that district, venue for this action lies there.[1]  Accordingly, in the interests of justice and for the convenience of the parties and witnesses, without offering any opinion on the merits of Plaintiff's claims, this action is TRANSFERRED to the United States District Court for the Southern District of New York.  28 U.S.C. §§ 1391(b), 1404(a). The Clerk of the Court is directed to: (1) transfer this case to the Southern District of New York forthwith; (2) mail a copy of this Order to the pro se Plaintiff; and (3) mark this case CLOSED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of

---

[1] Additionally, there is no connection whatsoever to the Eastern District of New York given that Plaintiff is presently located at the Vernon C. Bain Center ("VCBC") located in the Bronx, New York.  Thus, VCBC is located within the Southern District of New York.  See 28 U.S.C. § 112(b).

2

any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March  21 , 2017
       Central Islip, New York

3